1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

MICHAEL NELSON HANES,

Plaintiff,

vs.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

Defendant.

CASE NO. 13cv2625-GPC(WMC)

**ORDER GRANTING COUNSEL
FOR PLAINTIFF'S MOTION FOR
ATTORNEY FEES PURSUANT TO
42 U.S.C. § 406(b)**

**[Dkt. No. 38.]**

Plaintiff's counsel filed a motion for attorney fees pursuant to 42 U.S.C. § 406(b) in the amount of $19,000.00 and seeks an order to reimburse Plaintiff Michael Nelson Hanes ("Plaintiff") the sum of $4,500.00 in Equal Access to Justice Act ("EAJA") fees previously paid by the Commissioner. (Dkt. No. 38.) Plaintiff did not file an opposition. Defendant filed a response in its role as "trustee" for Plaintiff without indicating a position on the reasonableness of the request. (Dkt. No. 40.) Plaintiff's counsel filed a reply on September 2, 2015. (Dkt. No. 42.) Based on the reasoning below, the Court GRANTS Plaintiff's counsel's motion for attorney fees pursuant to 42 U.S.C. § 406(b).

## Background

On October 30, 2013, Plaintiff filed a complaint seeking the Court's review of the Commissioner's decision to deny him disability insurance benefits under Title II of the Social Security Act. (Dkt. No. 1.) On May 2, 2014, Plaintiff filed a motion for

summary judgment. (Dkt. No. 20.) On July 24, 2014, Defendant filed a cross motion
for summary judgment. (Dkt. No. 28.) On January 30, 2015, the Magistrate Judge
issued a report and recommendation recommending that Plaintiff's motion for summary
judgment be granted in part and denied in part, that Defendant's motion for summary
judgment be denied, and that the case be remanded to the Commissioner for further
proceedings. (Dkt. No. 31.) On March 16, 2015, the Court adopted in part the
Magistrate Judge's report and recommendation. (Dkt. No. 32.) Specifically, the Court
granted Plaintiff's motion for summary judgment reversing the Commissioner's
decision to deny benefits to Plaintiff and awarded benefits, and denied Defendant's
motion for summary judgment. (Id.)

On remand, the Commissioner calculated $78,057.00 in retroactive benefits
under Title II benefits. (Dkt. No. 38-3 at 3.) On May 14, 2015, the Court granted the
parties' joint motion for attorney fees under the Equal Access to Justice Act ("EAJA")
in the amount of $4,500.00 and costs in the amount of $400.00. (Dkt. No. 35.)
Plaintiff's counsel then filed the instant motion for attorney fees pursuant to 42 U.S.C.
§ 406(b).

**Discussion**

Sections 406(a) and (b) of Title II of the Social Security Act govern attorney fees
for representation of disability claimants in front of the Commissioner and in federal
court. 42 U.S.C. § 406(a) & (b). Section 406(a) governs fees for representation in
administrative proceedings before the Commissioner. 42 U.S.C. § 406(a). Section
406(b) governs fees for representation in the federal courts, and provides in relevant
part:

> Whenever a court renders a judgment favorable to a claimant . . .who
> was represented before the court by an attorney, the court may
> determine and allow as part of its judgment a reasonable fee for such
> representation, not in excess of 25 percent of the total past-due benefits
> to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A). The fee is payable "out of, and not in addition to, the
amount of [the] past-due benefits." Id. Plaintiff's counsel indicated he does not seek

fees pursuant to § 406(a), and only seeks fees pursuant to § 406(b).  (Dkt. No. 38-1, Cho Decl. ¶ 5.)

The United States Supreme Court has held that § 406(b) does not override or displace attorney-client contingency fee agreements.  Gisbrecht v. Barnhart, 535 U.S. 789, 808-09 (2002) ("[Section] 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements.").  Rather, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements.  Id. at 809; see also Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009) (en banc) (quoting Gisbrecht, 535 U.S. at 793, 808) ("a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,'. . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'")  Therefore, courts must first look to the contingent-fee agreement, then determine whether the fees are reasonable.  Gisbrecht, 535 U.S. at 808.  In determining whether fees are reasonable, attorney fees may be reduced based on "the character of the representation and the results the representative achieved."  Id.  Fees may be subject to reduction if the attorney is responsible for delays or if the benefits are large in comparison to the amount of time counsel spent on the case.  Id.  Courts should also look at the attorney's record of hours worked.  Id.  Section 406(b) requires the Court to conduct an independent check to assess the reasonableness of the fee request in light of the particular circumstances of the case.  Id.

On October 2, 2013, Plaintiff and his counsel entered into a "Social Security Representation Agreement."  (Dkt. No. 38-2.)  Under the contingent-fee arrangement, Plaintiff agreed to pay Counsel up to 25% of any past-due benefits.  (Id. at 1.)  Plaintiff was awarded $78,057.00 in retroactive benefits under Title II benefits.  (Dkt. No. 38-3 at 3.)  Therefore, a 25% fee award would amount to $19,514.25.  In the instant motion, Plaintiff's counsel seeks attorney fees in the amount of $19,000 which is 24.3 % of the past due benefits paid.  This includes 25.6 hours of attorney and paralegal time.

[13cv2625-GPC(WMC)]

1   Plaintiff's counsel also submitted a billing statement as to the number of hours spent
2   and work performed in connection with Plaintiff's case in federal court. (Dkt. No. 38-4
3   at 1-1.)

4       Based on the amount sought by Plaintiff's counsel, the effective hourly rate  is
5   $742.19.  While the effective hourly rate appears excessive, such rates have been
6   deemed reasonable, and courts have accepted that the de facto hourly rates may exceed
7   those for non contingency-fee arrangements.  See  Hearn v. Barnhart, 262 F. Supp. 2d
8   1033, 1037 (N.D. Cal. 2003); see also Coffman v. Comm'r of Social Security, No. CV-
9   13-1242-PK, 2015 WL 5008847 (D. Oregon Aug. 20, 2015) ($643.40 per hour for
10  31.45 hours of work was reasonable); Knudsen v. Colvin, No. CV 11-5093-JEM, 2015
11  WL 4205319 (C.D. Cal. July 10, 2015) (hourly rate of $973.78 for 26.7 hours of work
12  was reasonable); Crawford, 586 F.3d at 1145-46, 1153 (approving contingent fee
13  awards that resulted in effective hourly rates of $875, $519 and $813.5 in 2009).

14      Here, there is no indication that a reduction of fees is warranted due to any
15  performance by counsel.  There is no evidence of dilatory conduct.  The Court has also
16  considered the results achieved by counsel which include not only past-due benefits,
17  but also future on-going benefits. (Dkt. No. 28-3 at 1.)  A review of the billing records
18  reveal that the work performed is not excessive.  In addition, Plaintiff has not filed an
19  opposition to his attorney's fee request.  Therefore, after an independent review of the
20  case, the Court concludes that the attorney fees sought by Plaintiff's counsel pursuant
21  to § 406(b) are reasonable.

## Conclusion

23      For the reasons stated above, the Court GRANTS Plaintiff's counsel's motion
24  for attorney fees pursuant to 42 U.S.C. § 406(b) in the amount of $19,000.00 payable
25  to the Law Offices of Lawrence D. Rohlfing.  Plaintiff's counsel is further ordered to
26  / / / /
27  / / / /
28  / / / /

refund $4,500.00 in EAJA fees to Plaintiff Michael Nelson Hanes.  The Clerk of Court
is directed to serve this order on Plaintiff at: PO Box 162, El Cajon, CA 92922.  The
hearing date set for September 11, 2015 shall be **vacated**.

      IT IS SO ORDERED.

DATED:  September 3, 2015

HON. GONZALO P. CURIEL
United States District Judge